IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:19-cv-02248-DDD-KMT

VINCENT GABRIEL,

    Plaintiff,

v.

EL PASO COMBINED COURTS,
DAVID LEE SHAKES, individually and in his official capacity as Judge of El Paso Combined Courts,
GWEN PRATOR, individually and as employee of David Shakes,
DANIEL MAY, individually and in his official capacity as District Attorney,
DAVID GUEST, individually and as an employee,
JOHN PARCELL, as an employee,
BECCA KINIKIN, as an employee, and
ADAM BAILEY, individually and as an employee,

    Defendants.

## ORDER

Plaintiff Vincent Gabriel, proceeding pro se, filed this action under 42 U.S.C. § 1983 seeking damages for alleged violations of his First, Fifth, Eighth, Ninth, and Fourteenth Amendment rights. Before the Court are Mr. Gabriel's objections to an order by Magistrate Judge Kathleen M. Tafoya, to whom the Court referred three non-dispositive motions. (Mot. to Appoint Counsel, Doc. 4; Mot. for Restraining Order, Doc. 17; Defs.' Mot. to Stay, Doc. 21; Order, Doc. 23; Objection, Doc. 24.[1]) The

---

[1] This filing is styled "Rule 59(e) Motion (Manifest Injustice). An Appeal to District Judge Daniel Domenico to Intervene . . . ." Rule 59(e),

- 1 -

Objection also seeks an order to prevent Defendants from engaging in certain harassing conduct and further calls for Magistrate Judge Tafoya to recuse herself. (*See also* Notice re Objection, Doc. 26; Exhibits in Support, Doc. 27.)

**OBJECTIONS**

Under Fed. R. Civ. P. 72(a), where objection has been made to an order of a magistrate judge on a non-dispositive motion, a district judge can modify or set aside any portion of that order found to be clearly erroneous or contrary to law. *Ariza v. U.S. W. Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). District courts must affirm unless "on the entire evidence [one] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). A document, like the one before the Court, filed pro se is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Williams v. Klien*, 20 F. Supp. 3d 1171, 1173 (D. Colo. 2014) (construing "pleadings and other filings more liberally and [holding] them to a less stringent standard" than filings by lawyers).

**A. Motion to Stay**

The Complaint seeks damages arising out of Defendants' failure to expunge Mr. Gabriel's arrest and criminal records pursuant to his

---

governing motions to amend a judgment, is inapplicable because no judgment has issued in this case. A judgment is "a court's final determination of the rights and obligations of the parties in a case." *Judgment*, Black's Law Dictionary (7th ed. 1999). The Court therefore construes the filing as objections to the order issued by the magistrate judge on the motions referred to her.

petition. On September 12, 2019, Defendants Prator, May, Guest, Percell,[2] Kinkin, and Bailey filed a motion to dismiss on grounds of qualified and prosecutorial immunity. Defendants El Paso Combined Courts and Judge Shakes were granted an extension of time through October 24, 2019, to answer or otherwise respond to the Complaint, but they anticipate also filing a dispositive motion and asserting immunity. Weighing the factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006), Magistrate Judge Tafoya found that a stay of discovery is appropriate.

Mr. Gabriel doesn't object to the propriety of the stay. He instead opposes permitting the El Paso Combined Courts and Judge Shakes additional time to respond to the Complaint (Docs. 13, 15), which he sees as "42-days of time extension giving the Defendants a total of over 179-days without any questions whatsoever" that "inexcusably exemplifies a manifest injustice." (Objection ¶ 1.) The Court is uncertain how Mr. Gabriel reached these figures, but these Defendants will have responded to the Complaint within seventy-six days of the filing of this case.[3] Given the scope of the constitutional provisions that Mr. Gabriel alleges have been violated, this amount of time is reasonable; no clear mistake was made by the magistrate judge. This objection is **OVERRULED**.

---

[2] Although the Complaint identifies this individual as "John Parcell," Defendants represent, on information and belief, that the correct person is "John Percell." (Doc. 20, at n.1.)

[3] The record does not reflect that these, or any other, Defendants were served with the Complaint. There are only forty-five days between the El Paso Combined Courts' and Judge Shakes's first appearance (in their motion for an extension and the time) and when their response to the Complaint is due.

### B. Motion to Appoint Counsel

Mr. Gabriel's motion for the appointment of counsel said only that the Court should do so "given the complexity of this case and the fact that [he] cannot afford counsel." (Doc. 4, at 1.) As Magistrate Judge Tafoya recognized, the determination of whether to appoint counsel in a civil case is left to the sound discretion of the district court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Relevant here, Mr. Gabriel is only eligible for pro bono counsel if he "demonstrat[es] limited financial means." Local Atty R. 15(e)(1)(C). By affidavit, Mr. Gabriel now adds only that as "a full-time student, [he has] a very limited income." (Doc. 24-1 ¶ 6.) This conclusion does not demonstrate financial need or supply the Court with more information than was before the magistrate judge. It is not a reason to disturb Magistrate Judge Tafoya's order. This objection is **OVERRULED**.

### C. Motion for Restraining Order

Mr. Gabriel's "Motion for a Restraining Order" cites two legal provisions: Colo. Rev. Stat. § 18-3-602 ("Stalking") and Fed. R. Civ. P. 65(b) ("Temporary Restraining Order"). Magistrate Judge Tafoya analyzed the motion under Rule 65 and found that Mr. Gabriel had not complied with the local conferral rules, had not shown that he could not be compensated by money damages, and had failed to supply an affidavit clearly showing immediate or irreparable injury or loss. She therefore denied the motion, and the Court agrees with that ruling based on the materials then available.

Mr. Gabriel has now supplied the Court with two affidavits. The first (Doc. 24-1) generally affirms the allegations in the Complaint, that Mr. Gabriel was falsely (because of racial motivation) charged with shoplifting and prostitution, he was convinced by Defendants to enter

- 4 -

into a deferred prosecution agreement, the case(s) against him were dismissed, he admittedly did not complete the aftercare program necessary for his record to be expunged per the terms of the deferred prosecution agreement, and the El Paso court did not expunge his record. As Magistrate Judge Tafoya correctly set out, two of the essential elements required to obtain preliminary injunctive relief are (1) irreparable harm and (2) a likelihood of success on the merits. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).

The first affidavit undermines both necessary showings. These circumstances are in the past. Should the allegations and evidence support a viable claim, none of them demonstrate irreparable harm that cannot be cured by damages.[4] But more detrimental to his position is his sworn admission that he did not complete the aftercare program. Each of his claims seeks damages for failure to expunge his record (and related conduct).[5] This raises serious concerns as to the likelihood of his success on the merits.[6] In that capacity, he has shown no entitlement to preliminary relief, and his objection is **OVERRULED**.

---

[4] For example, Mr. Gabriel believes the failure to expunge his record has caused him emotional distress. Such compensatory damages are awardable for claims brought pursuant to 42 U.S.C. § 1983. *Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992).

[5] (*See* Compl., Doc. 1 ¶¶ 25, 30, 33, 36, 41, 50, 54, 57.)

[6] Mr. Gabriel has always maintained that there was no need for him to complete the aftercare program because of his "strong performance at the veteran's court." (Compl., Doc. 1 ¶ 16.) But he acknowledges, in his affidavit, that completion of that program was a "term of [his] Deferred Prosecution Agreement." (Doc. 24-1 ¶ 10.) He therefore agreed that expunction of his record would depend upon him finishing the aftercare program.

# ADDITIONAL REQUESTS

## D. Motion to Prevent Harassing Conduct

Mr. Gabriel filed a second affidavit in support of the Objection that speaks to more current events. (Doc. 26.) According to Mr. Gabriel, "since filing the motion against manifest injustice and pointing out the oppressive conduct of Defendants, [he has] experienced increased traumatic activities and harassments." (*Id.* ¶ 1.) He alleges, upon information and belief, that "Defendants are working hard with private individuals and law enforcement teams to try and post false witnesses and create a setup to smear [him] with what might look like a crime to fulfill their purpose to retain those unwarranted records." (*Id.* ¶ 9.) Near as the Court can tell, Mr. Gabriel believes Defendants, in Colorado, are currently harassing him in Massachusetts, by orchestrating the following events he describes:

- Women with shocking boldness have been posted by my door to force themselves on me so that they can incriminate me. I am not sure how much they have been paid but I pray that the court will not continue to overlook this important safety request: "provide the Plaintiff with a serious protective order as he seeks justice in his matter."

- On 10/03/2019 at about 8:30 PM when I was off loading my grocery items, a young lady undid her jacket and placed it on the door that I had to clear before entering my residence. I stood at a distance and refused to participate in her self-talk and invitations until she left the premises.

- On 10/05/2019 at about 3:00 PM a stranger aggressively walked towards me in the parking lot to start a conversation. As I tried to avoid this man, he kept on following me and could have

- started a fight. This incident has happened multiplicity of times and has resulted to restrictions to my normal lifestyle including restrictions to the desire to go places especially at night. My telephone line is always obstructed with programed intrusions and interruptions.

- This morning at about 11 :00 AM while working on my "Global Direct Investment paper," a stranger knocked on my door insisting and intending to come in claiming to be an electrician. This was the same reason why I called 911 on 7/11/2019 because the landlord did not send this individual.

These allegations are not related to the conduct underlying this lawsuit and appear to accuse Defendants of either criminal stalking under Colo. Rev. Stat. § 18-3-602 (as referenced in the motion for restraining order), interfering with this lawsuit, or other general harassing behavior.

To that extent, the Court construes the Objection as a motion for sanctions or protective order pursuant to the Court's inherent authority. Even if a court lacks subject-matter jurisdiction over the substantive merits of a case,

> it retains the inherent authority to issue orders on matters collateral to the merits and to conduct sanction proceedings and to impose any sanction for abusive conduct for which sanctions are authorized by the federal rules of procedure or federal statutes, including awarding costs or attorney fees, imposing punishment for criminal contempt, and issuing sanctions.

*Lundahl v. Halabi*, 600 F. App'x 596, 605–06 (10th Cir. 2014) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990); *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992)); *see also Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) ("Federal courts have the inherent power to regulate the activities of abusive litigants by

imposing carefully tailored restrictions under the appropriate circumstances."). But even so construed, the motion must be denied. "Inherent powers are the exception, not the rule, and their assertion requires special justification in each case." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 64 (1991). Taking the contents of the affidavit as true—that these persons have been approaching him in an inappropriate manner—Mr. Gabriel offers nothing but speculation that Defendants have orchestrated these encounters. The motion is therefore **DENIED**.

### E. Call for Recusal of Magistrate Judge Tafoya

Finally, Mr. Gabriel "calls upon the Magistrate Kathleen Tafoya to recuse herself from the case." (Doc. 24 ¶ 6.) This Court is not aware of any legitimate reason such recusal would be required, but in any event, rejects the means by which Plaintiff has challenged Magistrate Judge Tafoya's impartiality. The more appropriate procedure for challenging the impartiality of a judge is through a motion for recusal pursuant to 28 U.S.C. § 455. *See, eg.*, *Kinnear–Weed Corp. v. Humble Oil & Refining Co.*, 441 F.2d 631 (5th Cir.1971) ("Congress made it expressly plain that it placed in the justice or judge the responsibility for making the determination 'in his opinion' that he should disqualify himself."); *see also Clay v. Brown, Hopkins & Stambaugh*, 892 F. Supp. 11, 13 (D.D.C. 1995) (discussing that the "highly personal decision" to recuse should be made, in the first instance, by the judge being accused of bias). No such motion has been filed, nor has Mr. Gabriel filed any support for such a motion. *See Estate of Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2001) ("Factors that *do not* merit disqualification include: rumor, speculation, beliefs, conclusions, or other non-factual matters . . . [and] prior rulings that were adverse to the moving party." (emphasis in original)). There is nothing currently for the Court to decide on this matter.

## CONCLUSION

For the foregoing reasons, the Objections (Doc. 24) are **OVERRULED**. To the extent Plaintiff seeks a protective order or sanctions based on the conduct cited in Document 26, the motion is **DENIED**.

DATED: October 15, 2019.　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Daniel D. Domenico
　　　　　　　　　　　　　　　　United States District Judge