IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:19-cv-02248-DDD-KMT

VINCENT GABRIEL,

    Plaintiff,

v.

EL PASO COMBINED COURTS,
DAVID LEE SHAKES, individually and in his official capacity as Judge of El Paso Combined Courts,
GWEN PRATOR, individually and as employee of David Shakes,
DANIEL MAY, individually and in his official capacity as District Attorney,
DAVID GUEST, individually and as an employee,
JOHN PARCELL, as an employee,
BECCA KINIKIN, as an employee, and
ADAM BAILEY, individually and as an employee,

    Defendants.

## ORDER DISMISSING CASE

Plaintiff Vincent Gabriel, proceeding pro se, filed this action under 42 U.S.C. § 1983 seeking damages for alleged violations of his First, Fifth, Eighth, Ninth, and Fourteenth Amendment rights, as well as under several state-law tort theories. Before the Court are motions to dismiss by all Defendants (Docs. 20, 34), which are **GRANTED**; his objection to the most recent order by Magistrate Judge Tafoya (Doc. 35), which is **OVERRULED**; and his second motion for Magistrate Judge Tafoya to recuse herself (Doc. 36), which is **DENIED** as moot. The Complaint is **DISMISSED WITH PREJUDICE**.

## ALLEGATIONS

The allegations of the Complaint (Doc. 1) are treated as true for purposes of assessing the motion to dismiss. *See Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013).

Before the events of this case, Plaintiff Vincent Gabriel was falsely arrested for shoplifting at a Wal-Mart. On December 16, 2018, he filed a petition in the Colorado District Court for El Paso County to expunge or seal his arrest and criminal records pursuant to Colo. Rev. Stat. § 24-72-702. On February 27, 2019, Defendant District Attorney Daniel H. May objected to the petition, arguing that

> Sealing the record would violate the plea agreement in the underlying criminal case, a part of which plea agreement included [Mr. Gabriel's] express waiver of the right to seal. Paragraph 18 of the Plea Agreement included a waiver of all sealings rights. This waiver would be stricken, however, if the Petitioner completed both the Veterans Trauma Court program as well as the approved aftercare program, pursuant to paragraph 1c of the Stipulation for Deferred Judgment and Sentence. While the Petitioner completed Veterans Trauma Court, the Petitioner did not complete the aftercare program.

(Doc. 1-1, at 8.) On March 1, 2019, Colorado District Court Judge David Lee Shakes denied the petition because it would violate Mr. Gabriel's plea agreement. (*Id.* at 10.) And in fact, Mr. Gabriel did not complete the aftercare program required by his plea agreement, a fact he has supported by affidavit.[1] Mr. Gabriel believes his arrest, Mr. May's objection

---

[1] Mr. Gabriel has always maintained that there was no need for him to complete the aftercare program because of his "strong performance at the veteran's court." (Doc. 1 ¶ 16; *see also* Doc. 35, at 13 ("corrected affidavit" affirming he did not complete the program.) The Complaint and attached documents make clear he did not complete the program. He further acknowledged, in an affidavit, that completion of that program was a "term of [his] Deferred Prosecution Agreement." (Doc.

- 2 -

to his petition, and Judge Shakes's order were racially motivated. (Doc. 1 ¶¶ 14, 16, 18, 22.)

Mr. Gabriel does not allege any conduct by the remaining Defendants. He simply asserts, on information and belief, that Gwen Prator is Judge Shakes's clerk; and David Guest, John Parcell, Becca Kinkin, and Adam Baily are "employees" of the El Paso County District Attorney's Office and that they "violated the law by barring [Mr. Gabriel], a citizen and veteran from sealing unwarranted records." (*Id.* ¶¶ 6, 8–11, 25.) He also states that "clearly, the Defendant El Paso District Court has failed in its duty to train its employees." (*Id.* ¶ 45.)

## PROCEDURAL HISTORY

On August 8, 2019, Mr. Gabriel filed this action seeking $5.4 million in damages under 42 U.S.C. § 1983 for alleged violations of his First, Fifth, Eighth, Ninth, and Fourteenth Amendment rights, as well as under several state-law tort theories. He also requests injunctive relief. The case was drawn to the undersigned, who referred it to Magistrate Judge Tafoya for preliminary matters.

On August 8, 2019, Mr. Gabriel also moved for the Court to appoint him pro bono counsel. (Doc. 4.) On September 10, Magistrate Judge Tafoya granted Judge Shakes and the El Paso County Combined Courts a forty-two-day extension to respond to the Complaint. (Docs. 13, 14, 15.) On September 11, without an order from the Court, Mr. Gabriel renewed his motion for counsel. (Doc. 17.) On September 12, Defendants

---

24-1 ¶ 10.) He therefore agreed that expunction of his record would depend upon him finishing the aftercare program.

May, Guest, Percell,[2] Kinkin, and Bailey moved to dismiss. (Doc. 20.) On September 16, Magistrate Judge Tafoya denied the motion for counsel, to which Mr. Gabriel objected. (Docs. 23, 24.) He also sought the recusal of Magistrate Judge Tafoya. (Doc. 24.) On October 15, the Court overruled the objection. (Doc. 29.)

On October 17, 2019, after his response deadline had already passed, Mr. Gabriel moved for a sixty-day extension of time to respond to the motion to dismiss. (Doc. 30.) Magistrate Judge Tafoya granted the motion in part, permitting Mr. Gabriel to respond by November 12. On October 24, Defendants El Paso County Combined Courts, Gwen Prator, and Judge Shakes moved to dismiss. (Doc. 34.)

On November 1, Mr. Gabriel filed another objection, in which he again sought the sixty days to respond to the motions to dismiss;[3] again requested counsel and a stay of the proceedings pending the appointment of counsel; and sought permission to amend the pleadings, apparently to revise portions of his affidavit and the Complaint related to the aftercare program. (*See* Doc. 35.) The same day, he filed a second motion for the recusal of Magistrate Judge Tafoya. (Doc. 36.) More than ninety days have passed since the first motion to dismiss was filed (and thirty days after his ordered deadline), but Mr. Gabriel has not responded to either motion to dismiss.

---

[2] Although the Complaint identifies this individual as "John Parcell," Defendants represent, on information and belief, that the correct person is "John Percell." (Doc. 20, at n.1.)

[3] Though it is unclear, the Court construes the request as for additional time to respond to both motions to dismiss.

## MOTIONS TO DISMISS

Dismissal is appropriate if the Court lacks subject matter jurisdiction or the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Under Rule 12(b)(6), at the pleading stage, all allegations of material fact in support of the claims must be accepted as true. *Wilson*, 715 F.3d at 850. To survive such a motion, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 12(b)(1) motions generally take two forms: facial or factual attacks. Relevant here, "a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995).

Courts must also hold pro se litigants' pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Because Mr. Gabriel is pro se, the Court reads the Complaint broadly for facts sufficient to state a valid claim. *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). If the Court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so." *Id*. This "broad reading of the plaintiff's complaint," however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding [an] alleged injury." *Id.*

Much has been made, in this case, about Mr. Gabriel's failure to complete the aftercare program, a precondition necessary to his entitlement to record expunction. Mr. Gabriel does not dispute that completion of that program was a material term of his plea agreement. And even his "corrected affidavit," submitted with what the Court broadly construes as a motion to amend the Complaint, makes clear his continued belief that he "did not need to enter and complete an aftercare program." (Doc. 35, at 3, 13.) Mr. Gabriel's characterization of himself as a "strong performer" does not permit him to ignore the record expunction preconditions to which he agreed. This fact, evident from the Complaint and motion to amend, is reason enough to dismiss this case for failure to state viable claims.

But more compellingly, the individual Defendants are entitled to absolute immunity from suit. Judge Shakes, a state court judge alleged to have been acting in that capacity, is immune from civil liability for the performance of all actions taken in that role. *Stump v. Sparkman*, 435 U.S. 349, 362–64 (1978); *see also Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985) (Judicial "immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.") (citation omitted); *Bradley v. Fisher*, 80 U.S. 335, 336 (1871) ("Judges of courts of record of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."). Ms. Prator, his clerk, is also immune. *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981) ("Immunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aide of the judge is involved.").

Mr. May, a prosecutor and the only other Defendant in this case alleged to have taken any specific action, is also "entitled to absolute immunity against suits brought . . . for activities intimately associated with the judicial process." *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994). This immunity extends to Defendants Guest, Percell, Kinkin, and Bailey because the limited allegations concerning them can only be understood as asserting that they were performing prosecutorial functions. *See Kalina v. Fletcher*, 522 U.S. 118, 127 (1997) (In "determining immunity, we examine the nature of the function performed, not the identity of the actor who performed it." (citation omitted)); *see also, e.g.*, *Maqablh v. Heinz*, No. 3:16-CV-289-JHM, 2017 WL 1347695, at *3 (W.D. Ky. Apr. 10, 2017) ("The immunity afforded to prosecuting attorneys also applies to members of the prosecutor's staff for acts committed in the course of their duties as staff of a prosecutor of the state." (alterations and citation omitted)).

Finally, the El Paso County Combined Courts lack the legal capacity to be sued. *See Myers v. Koopman*, No. 09-CV-02802-REB-MEH, 2011 WL 650328, at *12 (D. Colo. Feb. 11, 2011) (citing Colo. Const. art. VI, § 10; Colo. Rev. Stat. §§ 13-5-101; *State Board of County Com'rs of County of Adams v. Colorado Dept. of Public Health and Environment*, 218 P.3d 336, 344–45 (Colo. 2009); *Davidson v. Sandstrom*, 83 P.3d 648, 656 (Colo. 2004); *Board of Com'rs of Phillips County v. Churning*, 35 P. 918, 918 (Colo. App. 1894)).

Therefore, because Defendants cannot be sued for the conduct alleged in the Complaint, the motions to dismiss (Docs. 20, 34) are **GRANTED**. Mr. Gabriel's claims are **DISMISSED** with prejudice. His objection (Doc. 35)—which seeks an additional sixty days to respond to the motions to dismiss; requests pro bono legal counsel; and asks for permission to amend the Complaint—is **OVERRULED**. More than

ninety days have passed since the first motion to dismiss was filed, during which time Mr. Gabriel did not avail himself of the extended response deadline set by Magistrate Judge Tafoya, and he has not shown good cause why the Court should permit this case to linger. Additionally, neither pro bono counsel nor amendment will assist Mr. Gabriel in defeating absolute immunity. Finally, the second motion for Magistrate Judge Tafoya to recuse herself (Doc. 36) is **DENIED** as moot.

DATED: December 17, 2019.

BY THE COURT:

_____
Daniel D. Domenico
United States District Judge